IN THE
UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN L. McKINNEY, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 7:14CV00101 |
| | ) |
| G4S GOVERNMENT SOLUTIONS, INC., | ) |
| **Serve:  Corporation Service Company** | ) |
|     **Bank of America Center, 16th Floor** | ) |
|     **1111 East Main Street** | ) |
|     **Richmond, Virginia 23219-0000** | ) |
|     **(Richmond City)** | ) |
| | ) |
|     Defendant. | ) |

**COMPLAINT**

Plaintiff John L. McKinney, Jr., moves for judgment against defendant G4S Government Solutions, Inc. ("defendant"), and as grounds therefore states as follows:

**JURISDICTION AND VENUE**

(1)     This is an action for declaratory relief, injunctive relief, and damages, and to address deprivation of rights secured by 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §§2000e, *et seq.* (hereinafter "Title VII") prohibiting harassment and discrimination in employment on the basis of race.

(2)     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343, 42 U.S.C. §2000e, *et seq.*, and 42 U.S.C. §1981.

(3)     Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission; received a notice of right to sue dated February 6, 2014; and files this complaint within 90 days of receipt of the notice of right to sue.

**PARTIES**

(4)     At all times material hereto, plaintiff is and has been a resident of the Town of Christiansburg in Montgomery County, Virginia.  Plaintiff's race is African-American.

1

(5)   On information and belief, defendant is a corporation doing business in the western district of the Commonwealth of Virginia and elsewhere. According to defendant's website (*www.g4sgs.com*, visited March 10, 2014), defendant is a 100-year-old public security solutions company based in the United Kingdom.  In 2002, Wackenhut Services, Inc., a United States company, merged with Group 4 Falck, a British company, to form G4S Government Solutions, Inc.  According to the website, defendant is the preeminent provider of cleared personnel to the United States government.

(6)   Again according to defendant's website, defendant employs 620,000 people worldwide, including plaintiff and other persons who work at the Radford Army Ammunition Plant in Radford, Virginia.

(7)   Defendant is a "person" within the meaning of 42 U.S.C. §12111(7) and Title VII, Section 701, 42 U.S.C. §2000e.  Defendant employs 500 or more employees and is an "employer" within the meaning of 42 U.S.C. §12111(5)(A), and is engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(7), and Title VII, Section 701, 42 U.S.C. §2000e.

## STATEMENT OF FACTS

(8)   Plaintiff went to work for defendant or its predecessor (Wackenhut Services, Inc.) at the Radford Army Ammunition Plant in September 2006 and has been employed most recently as a shift captain.

(9)   On or about May 22, 2013, plaintiff arrived at work to begin his shift. As he entered the building, he heard several Caucasian male employees, including Project Manager Shawn Lewis, Chief J.C. Allison, Fleet Manager and Janitorial Supervisor Greg Gravely, and First-Shift Captain Ryan Gellner, laughing. About that time, Project Manager Shawn Lewis pointed to a noose in the workplace. Lewis told plaintiff that the noose had been there for many years, but plaintiff knew this was not true. Plaintiff was upset by the incident and so stated. Lewis insisted, against plaintiff's wishes, that he personally retrieve and dispose of the noose.

(10)  All of the above-referenced persons at all times material hereto acted within the scope of their employment within the actual or apparent scope of their authority as employees, or as individuals, or

both.

(11)     Later, as plaintiff was preparing for work, he heard muted conversation and laughter. When plaintiff looked toward the sound, he saw Project Manager Shawn Lewis holding a white sheet or other cloth over the head of First-Shift Captain Ryan Gellner in a manner that resembled the hoods worn by members of the Klu Klux Klan.

(12)     Plaintiff was upset by the incident and told his coworkers that if they did not want plaintiff to work with them then just say so, but that they did not have to display a noose and Klu Klux Klan imagery in the workplace.

(13)     The next day when plaintiff arrived at work, he saw Project Manager Shawn Lewis walking by and smiling.  As Lewis passed plaintiff, he smiled even more but said nothing.  Moments later, Chief J.C. Allison instructed plaintiff to come into his office and shut the door.  Allison then handed two disciplinary write-ups to plaintiff and told plaintiff to sign them.  As plaintiff read the write-ups, he noticed that one was dated May 10 and the other May 17 — both several days before the noose had been displayed on or about May 22, 2013.

(14)     The next day, May 24, 2013, Project Manager Shawn Lewis asked plaintiff, "so are you going to leave yet?," or words to that effect.

(15)     Since that time, defendant through its employees, has continued at various times to harass and intimidate plaintiff and at other times to ostracize him, and to maintain generally a hostile and offensive work environment.

(16)     As a result of defendant's actions and inactions, plaintiff became symptomatic and began to suffer high blood pressure, sleeplessness, nervousness, anxiety, depression, and other symptoms, and has been placed on medication by his doctor.

### COUNT I: CLAIM FOR RACE DISCRIMINATION AND HARASSMENT

(17)     Plaintiff incorporates by reference herein the preceding paragraphs of this complaint.

(18)     Defendant has discriminated against plaintiff in violation of federal law in that defendant:

  (a)  classified plaintiff on the basis of his race;

  (b)  discriminated against plaintiff with respect to the terms, conditions, or privileges of employment because of his race;

  (c)  permitted a work environment to exist at defendant's facility that was offensive and hostile to African-American workers, including plaintiff; and

  (d)  harassed plaintiff because of his race and for complaining about defendant's discriminatory practices.

(19) As a result of defendant's discriminatory acts, plaintiff has suffered and will continue to suffer pecuniary loss, mental anguish, pain and suffering, shame, humiliation, embarrassment, loss of enjoyment of life and other non-pecuniary loss.

(20) Defendant acted willfully toward plaintiff with actual malice or with reckless disregard of the protected rights of plaintiff so as to support an award of punitive damages.

## COUNT II: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(21) Plaintiff incorporates by reference herein the preceding paragraphs of this complaint.

(22) As stated, defendant's conduct was intentional or reckless; the conduct was outrageous and intolerable; the wrongful conduct and plaintiff's emotional distress were causally related; and the emotional distress is and will continue to be severe.

(23) As a direct and proximate result, plaintiff has suffered and will continue to suffer pecuniary loss, mental anguish, sleeplessness, nervousness, fear, anxiety, emotional pain and suffering, shame, humiliation, embarrassment, loss of enjoyment of life and other non-pecuniary loss.

(24) Defendant acted willfully toward plaintiff with actual malice or with reckless disregard of the protected rights of plaintiff so as to support an award of punitive damages.

WHEREFORE, plaintiff John L. McKinney, Jr., asks the district court to enter judgment against defendant, as follows:

(1) issue declaratory judgment that defendant's acts violate Title VII and 42 U.S.C. §1981;

(2) issue a permanent injunction restraining defendants from violating the provisions of Title VII and 42 U.S.C. §1981;

(3) award damages for loss of income and employment benefits, including both front and back pay, and damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life; as well as an award of punitive and liquidated damages, in an amount to be determined during the course of discovery and at trial; and

(4) award to plaintiff his costs and attorney's fees and expenses.

Trial by jury is demanded.

Respectfully Submitted,

JOHN L. McKINNEY, JR.

By: ___/s/ Terry N. Grimes___
       Of Counsel

Terry N. Grimes, Esquire (VSB No. 24127)
Brittany M. Hornady, Esquire (VSB No. 86416)
TERRY N. GRIMES, ESQ., P.C.
320 Elm Avenue, SW
Roanoke, Virginia 24016-4001
(540) 982-3711
(540) 345-6572 *Facsimile*
Email: *tgrimes@terryngrimes.com*
Email: *bhornady@terryngrimes.com*
Counsel for Plaintiff